UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MILAS A. GAINEY II, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> CITY OF DARLINGTON, ) </br> CHARLES SHUGART, JOHN PAYNE, ) </br> KELLI JACKSON, and TODD HARDEE, ) </br> individually and in their official capacities, ) </br> ) </br> Defendant(s). ) </br> _____ ) | **COMPLAINT** </br> </br> **JURY TRIAL DEMANDED** |

Plaintiff would allege as follows:

1. This action is brought to remedy violations Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq. ("Title VII"). This action is brought to remedy violations of the Family and Medical Leave Act 29 U.S.C.§ 2611(2)(a)(i)(ii) ("FMLA").This action is also brought to remedy defamation and conspiracy.

2. Compensatory and punitive damages are both sought and liquidated damages pursuant to 29 U.S.C. §626(b).

3. Furthermore, Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act and other appropriate attorney fees statutes authorized by law such as 29 U.S.C. §626(b) and 28 U.S.C. §2412(b).

4.  Defendant, through City Administration and Council, failed to properly provide FMLA job protection to and failed to accommodate Plaintiff, thus causing his separation. As a result of Defendant's conduct, Plaintiff suffered offenses and damages as set forth herein.

5.  Plaintiff, a male former employee of Defendant, is a citizen of the United States and a resident of Darlington, South Carolina.

6.  Defendant, City of Darlington, upon information and belief, is a municipal corporation organized and existing under the laws of the State of South Carolina operating government offices and duties within Darlington, to include city management, maintenance and supervision of city employees.

7.  Defendant, Charles Shugart, is a citizen and resident of Darlington, and is an employee or representative of Defendant, City of Darlington.

8.  Defendant, John Payne, is a citizen and resident of Darlington, and is an employee or representative of Defendant, City of Darlington.

9.  Defendant, Kelli Jackson, is a citizen and resident of Darlington, and is an employee or representative of Defendant, City of Darlington.

10. Defendant, Todd Hardee, is a citizen and resident of Darlington, and is an employee or representative of Defendant, City of Darlington.

11. On information and belief, at all times relevant to the allegations in this Complaint, the City of Darlington was authorized to and did waive any state-law immunity from civil liability under state-law causes of action by purchasing liability insurance, either by contract with an insurance company or by participation in an insurance risk pool that covers the claims raised in this lawsuit.

12. This Court has jurisdiction of this matter and supplemental jurisdiction of state claims under 28 U.S.C. § 1331 and 1343(a)(3),(4).

13. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendants conduct substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

14. Defendant as a public agency is an employer within the meaning of the Family Medical Leave Act, 29 CFR § 825.104, and employs more than 50 employees.

15. Plaintiff as an employee of Defendant, worked for a covered employer with more than 50 employees, worked for at least 12 months, and had at least 1250 hours of service during the 12 month period preceding his medical leave of absence. Plaintiff was an eligible employee within the meaning of the Family Medical Leave Act, 29 CFR § 825.110.

16. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, U.S.C. §§ 2000e(g) and (h).

17. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 USC §12111(2).

18. On December 3, 2024, The US Department of Justice, Civil Rights Division issued Plaintiff a Notice of Right to Sue regarding EEOC Charge 14C-2024-00326, with respect to Title VII, Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et. seq. and Title V, Section 503 of the Act, 42 U.S.C. 12203.

19. On December 3, 2024, The US Department of Justice, Civil Rights Division issued Plaintiff a Notice of Right to Sue regarding EEOC Charge 14C-2024-00011, with respect to Title VII; Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et. seq.; and Title V, Section 503 of the Act, 42 U.S.C. 12203.

20. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII of the Civil Rights Act of 1964 and the South Carolina Human Affairs Laws; Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et. seq. ; and Title V, Section 503 of the Act, 42 U.S.C. 12203.

21. Plaintiff began working for Defendant City of Darlington in September 2016.

22. Plaintiff was subjected to disparate treatment with respect to the terms and conditions of his employment from about January 23, 2023 to on or about September 5, 2023.

23. Defendant Todd Hardee participated directly or indirectly in the hire of Defendant John Payne as City Administrator for the City of Darlington.

24. Plaintiff, as Director of Street and Sanitation for the City, was a supervisor of a number of subordinates. At one point, Plaintiff had to address with his supervisor John Payne (male) the unprofessional and inappropriate conduct of Plaintiff's subordinate the office manager Kelli Jackson (female).

25. Rather than investigate the matter as a proper supervisor should, Plaintiff's supervisor undermined Plaintiff's authority, dismissed the discipline Plaintiff tried to give and refused to take any corrective action against Plaintiff's female subordinate Defendant Jackson.

26. Plaintiff then reported to his supervisor that the same female subordinate had begun to make defamatory comments about Plaintiff and ruin Plaintiff's character; and Plaintiff's supervisor dismissed any discipline against Plaintiff's female subordinate, Defendant Jackson.

27. Plaintiff's supervisor then began to treat Plaintiff in a hostile manner as described in the paragraphs immediately following.

28. Plaintiff's supervisor refused to even consider Plaintiff's raised concerns about the need to increase Plaintiff's pay grade following a wage compensation study.

29. Plaintiff's supervisor removed responsibilities of storm water management from Plaintiff's job description.

30. Plaintiff's supervisor began to accuse Plaintiff of improper conduct such as insubordination, misuse of company time and other work violations, and subjected Plaintiff to disciplinary action up to and including termination and hostile work environment.

31. Defendant through its representatives began to harass or intimidate Plaintiff in ways that include but are not limited to:

    a. 5/9/2023 - Todd Hardee called Plaintiff to his office and threatened Plaintiff's job.

    b. 5/19/2023 - John Payne began to harass Plaintiff about the Vac Truck and Storm Water.

    c. 5/25/23 - John Payne took Plaintiff's keys to the Vac Truck.

d. 6/9/2023 - Plaintiff's began attempts to set up a meeting with John Payne to discuss his Pay Grade pursuant to the Archer Group findings in an audit, to which John Payne delayed.

e. 6/30/2023 - When Plaintiff was finally able to meet with John Payne about his pay grade, Mr. Payne became very irate, denied Plaintiff's pay rate and was very rude about it.

f. 7/13/2023 - John Payne took storm water from under Plaintiff's supervision.

32. Plaintiff followed procedure and made numerous attempts to file grievances with City Council; and Plaintiff's grievances were either biased as Plaintiff's supervisor made decisions about Plaintiff's grievance against him; or the grievance appeals were ignored by City Council.

33. The City Manager denied one of Plaintiff's grievance requests, citing that Plaintiff has no "actionable grounds" for a grievance hearing.

34. Plaintiff's supervisor disciplined Plaintiff on or about August 25, 2023, for alleged insubordination and other conduct which undermined authority; which Plaintiff refuted since the discipline was in regards to Plaintiff's attempt to discipline his female subordinate who Plaintiff's supervisor was trying to protect.

35. Plaintiff's supervisor then disciplined Plaintiff on or about September 5, 2023, making defamatory allegations that Plaintiff violated the law by submitting a second request for a grievance hearing.

36. Plaintiff's subordinate Jackson also prepared a statement making false allegations against Plaintiff as a supervisor.

6

37. Plaintiff went out of work on FMLA leave as a result of the hostile work environment; and, upon Plaintiff's return to work from FMLA leave on December 13, 2023, Defendant terminated Plaintiff immediately upon his return to work.

38. Defendant terminated Plaintiff on or about December 13, 2023, after Plaintiff's supervisor made defamatory allegations that Plaintiff was leaving work early and conducting personal business on the City's time, thus slandering Plaintiff's name stating Plaintiff was stealing time.

39. After Plaintiff's supervisor left his employment with Defendant in March 2024, Plaintiff attempted to get reinstatement from the Council due to his wrongful separation due to discrimination and retaliation. The City ignored Plaintiff's request for reinstatement.

40. Defendant retaliated and interfered with Plaintiff's right to FMLA job protection; and Defendant further retaliated against Plaintiff for attempting to discipline his female subordinate in a manner equal to all other employees.

41. Upon information and belief, Plaintiff perceived Defendant John Payne subjected Plaintiff to a hostile work environment because Plaintiff tried to discipline or supervise his female subordinate, Kelli Jackson, who Payne treated better than other male employees.

42. Upon information and belief, Plaintiff perceived John Payne, Kelli Jackson and Charles Shugart, along with Todd Hardee, all engaged in conduct to cause defamation of Plaintiff's character, unwarranted discipline of Plaintiff, wrongful termination of Plaintiff and denial of fair grievances for Plaintiff.

43. Plaintiff is unaware of any female employees similarly situated who were subjected to hostile work environment, unwarranted discipline, wrongful termination and denied fair grievances.

44. On the various dates and occasions described above, Plaintiff was supervised and disciplined in an unfair, unequal, and/or harassing way, as explained above, which segregated him and adversely affected his status as an employee, because of his gender. Similarly situated employees outside of Plaintiff's protected class did not receive this treatment.

45. Defendant was on notice, or should have been on notice, of the actions of its subordinates or employees, especially due to Plaintiff's grievance requests and appeals directly to Council; and all failed to correct such discriminatory actions of its employees.

46. Defendant's acts of discrimination retaliation within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights and rights under FMLA.

47. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, and in a manner which had a disparate impact on Plaintiff as Plaintiff's FMLA and Civil Rights.

48. As a result of the abrupt discriminatory and retaliatory termination of Plaintiff and other previously described acts of discrimination and retaliation, Plaintiff has suffered economic loss, impaired reputation, attorney fees, financial and emotional distress, as well as attorney fees and costs of litigation.

## COUNT I
## (VIOLATION OF FMLA – INTERFERENCE)

49. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

50. Plaintiff, while an employee of Defendant, was performing satisfactorily before during and after he was supervised by John Payne.

51. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

52. At the time of the need for leave, Plaintiff, who had been employed since 2016 had been employed by Defendant for at least twelve (12) months and worked full time.

53. Further, Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to the time needed for leave.

54. Defendant employed in excess of 50 employees within 75 miles of the location where Plaintiff worked.

55. Plaintiff was entitled to receive FMLA leave and receive notices and compensation pursuant to the FMLA; and Defendant was not permitted to interfere or retaliate against Plaintiff for exercising his rights under the FMLA.

56. Defendant was on notice and had acknowledged that Plaintiff suffered from a serious health condition that qualified for FMLA coverage as he was out of work.

57. Defendant interfered with Plaintiff's medical leave by refusing to return Plaintiff to work at the conclusion of his FMLA leave.

58. Defendant retaliated against Plaintiff for invoking his FMLA rights by terminating Plaintiff at the conclusion of his FMLA leave.

59. Defendant's policies and improper or unreasonable discipline interfered with Plaintiff's FMLA rights because it interfered with Plaintiff's right to take FMLA leave without disciplinary action and Plaintiff's FMLA right to be protected for conduct occurring as a result of FMLA triggering events.

60. Defendant's retaliatory actions and interference violations constitute unlawful acts under FMLA pursuant to 29 U.S.C. §2615(a)(2).

61. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's interference practices in violation of 29 U.S.C. § 2915(a)(1), unless and until this Court grants relief.

## COUNT II
## (TITLE VII – GENDER DISCRIMINATION)

62. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

63. Plaintiff, a male, was performing satisfactorily before during and after he was supervised by John Payne as an employee of Defendant.

64. Plaintiff was performing his job duty by providing discipline to a female subordinate.

65. Defendant, through John Payne, interfered with Plaintiff's job performance by undermining his authority, stopping discipline against the female subordinate and issuing discipline against Plaintiff.

66. Defendant, through administration and council refused to increase Plaintiff's pay, refused to properly review Plaintiff's grievances, and allowed Plaintiff to be wrongfully terminated.

67. Defendant held Plaintiff to a standard different from other employees who were female with respect to policy violations, discipline and termination.

68. Plaintiff engaged in the protected activity of making internal complaints of discrimination EEOC complaints.

69. Defendant knew or should have known that Plaintiff engaged in protected activity due to the internal complaints and EEOC complaints.

70. Defendant then retaliated against Plaintiff for his complaints by terminating him and then refusing to consider Plaintiff's grievances and reinstatement requests.

71. The foregoing actions of Defendant and its representatives discriminated and retaliated against Plaintiff on the basis of race and sex all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

72. Plaintiff has suffered injury, including immediate and irreparable injury as described in the statement of facts, as a direct and proximate result of the Defendant's violation of all said rights as alleged herein.

## COUNT III
## (CONSPIRACY)

73. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

74. All individual defendants worked together to further their own separate agendas or further the agenda to remove Plaintiff from employment; and at various times and places, schemed conspired and planned in secret, outside the scope of their official duties and supervisory roles, to harass and ostracize the Plaintiff in an effort to harm

him and cause him to lose his position with Defendant, his future employment, and his reputation.

75. As set forth above, the individual defendants had personal motivations to harm Plaintiff as he either opposed preferential treatment, unfair pay, false allegations, unfair discipline. As such, they joined in the conspiracy against Plaintiff.

76. Using their respective positions of power for such personal and improper reasons, the Individual Defendants isolated and ostracized the Plaintiff, made false allegations against Plaintiff, prepared false statements against Plaintiff and caused Plaintiff's termination and denied requests for grievance or reinstatement.

77. Such a combination of persons acting, planning, and scheming outside the course and scope of their employment in order to harm Plaintiff, to cause him special damages, and promote personal interests constitutes an unlawful civil conspiracy for which the Individual Defendants are liable.

78. Such a civil conspiracy on the part of the Individual Defendants, acting outside of the course and scope of their employment, was done as a part of a personal and malicious agenda to harm the Plaintiff and to cause him special damages including causing him to be ostracized and isolated in the work environment, extreme emotional suffering, embarrassment, humiliation, and the loss of his employment, as well as incurring attorneys' fees and costs. The Plaintiff is further entitled to an award of punitive damages against these Defendants for their willful, wanton, and malicious conduct.

## COUNT IV
## (DEFAMATION)

79. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

80. Defendants John Payne and Kelli Jackson falsely accused the Plaintiff of stealing time and breaking criminal laws and other improper work conduct.

81. The Defendants allowed for the publication and dissemination of their false allegations to the public and/or council to avoid discipline of Kelli Jackson and justify discipline and termination of Plaintiff.

82. Such defamatory remarks were published and republished to the Plaintiff's coworkers, Council and others.

83. The defamatory actions and words of the individual defendants acting as agents and servants within the course and scope of their employment with Defendant, as set forth herein, have directly and indirectly promulgated to the public at large the false insinuation that Plaintiff is unchaste and unfit in his personal and professional life and character.

84. Such a portrayal is false, known to be false, made with malicious intent to harm the Plaintiff and in reckless disregard of the truth; and it amounts to defamation per se. Further, the above constitutes defamation by actions as well as words and is actionable under the laws of the State of South Carolina; and such defamatory actions and words are outside of or exceed the scope of any alleged privilege or immunity.

85. That as a direct and proximate result of the aforesaid defamation, Plaintiff has suffered, financial and emotional suffering, embarrassment, humiliation, and the loss of his employment past and future, as well as incurring attorneys' fees and costs.

86. The Plaintiff is further entitled to an award of punitive damages against these Defendants for their willful, wanton, and malicious conduct. He also seeks attorneys' fees and the costs associated with bringing this cause of action.

## COUNT V
### (NEGLIGENT HIRING, TRAINING AND SUPERVISION)

87. All paragraphs stated above are incorporated herein as if realleged and restated in full verbatim.

88. At all times relevant hereto, Defendant City of Darlington owed a duty to the public to exercise reasonable care in the hiring, training, and supervision of its employees.

89. Plaintiff was employed with Defendant with an expectation of continued employment that did not violate statutory (FMLA) and civil rights (Title VII) and that adhered to an employee handbook.

90. Defendant had a duty as Plaintiff's employer to exercise reasonable care and a duty of good faith and fair dealing of employees.

91. Defendant City of Darlington knew its employees and/or council members were acting in a reckless malicious manner with respect to making false allegations against Plaintiff and causing his discipline and separation.

92. In supervising its employees, Defendant City of Darlington had a duty to ensure that all employees were properly trained to engage in workplace conduct in good faith

and fair dealing and exercise due care in comments made to the public about employee conduct and in personnel matters.

93. Defendant employees and board members were engaged in conduct that deprived Plaintiff of his due process rights, that were deliberate and conspired in bad faith and based on malicious false allegations that were harmful to the Plaintiff's personal and professional life and reputation.

94. Defendants did not take appropriate corrective action concerning the deliberately damaging egregious discriminatory or retaliatory conduct of its agents and employees and/or council members.

95. Defendants failed to prevent their employees from egregious discriminatory or retaliatory conduct and conspiring to make malicious false allegations against Plaintiff and publicizing those allegations to further harm and humiliate Plaintiff.

96. Defendants breached their duty of care and otherwise acted in a negligent, grossly negligent, willful, wanton and reckless course of conduct as it relates to the hiring, training, and supervision of employees.

97. As a direct and proximate result of the conduct of the Defendants, Plaintiff has suffered and continues to suffer as a direct and proximate result of the aforesaid defamation, Plaintiff has suffered, financial and emotional suffering, embarrassment, humiliation, and the loss of his employment past and future, as well as incurring attorneys' fees and costs.

98. The Plaintiff is further entitled to an award of punitive damages against these Defendants for their willful, wanton, and malicious conduct. He also seeks attorneys' fees and the costs associated with bringing this cause of action.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of applicable state and federal laws;

B. Enjoining and permanently restraining these violations of applicable state and federal laws;

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D. Directing Defendants to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits;

E. Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by 42 U.S.C. § 12205 and 42 U.S.C. §12117; 29 U.S.C.A. § 2617(a)(3);

F. Directing Defendant to pay Plaintiff compensatory damages and damages for emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) and all applicable state and federal laws in the amount to be determined by a jury;

G. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii) and (a)(1)(B);

H. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii); and,

I. Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By: /s/ Pheobe A. Clark
**Pheobe A. Clark**,
Federal ID No. 9888
Post Office Box 13057
Florence, SC  29504-3057
Phone: (843) 669-5634
February 17, 2025            Fax:  (843) 669-5150